## BROOKS v CINCINNATI UNION TERMINAL CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5422. Decided July 5, 1938

Gilbert Bettman, Cincinnati, and Paul W. Steer, for appellee.

Taft, Stettinius & Hollister, Cincinnati, John H. Clippinger, Cincinnati, and John W. Hudson, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

The plaintiff brought an action to recover from the defendant compensation for injuries received when he fell off a mail truck upon which mail sacks were being placed in the sorting room of the defendant's station.

The plaintiff, a man over sixty-seven years of age was employed by defendant to assist in the loading of mail bags upon baggage or mail trucks. These bags were brought to a sorting platform by conveyors which dropped them into a chute, and they were then discharged upon a platform, which extended a considerable distance across the sorting room in a northerly and southerly direction. The platform was two feet, six inches above the floor of the room. Piers flush with the platform floor, five feet, eight inches in length and two feet wide extended eastwardly at several points.

The mail trucks were ten feet, five inches in length and were backed in along the piers, the back end of the truck abutting against the platform and the side of the truck along the pier. The difference in the length of the truck and the pier caused the truck to extend eastwardly beyond the end of the pier some considerable distance.

Although the plaintiff denies he placed the particular truck involved in place, it was his duty to move the trucks and place them beside the piers. The room was well lighted.

On August 6th, at about 7:15, P. M., the plaintiff was engaged with Henry Henderson in sorting the mail sacks and loading

them upon a truck placed against the south side of a pier. Henderson did the sorting and the plaintiff the loading. The latter operation was accomplished by dragging or carrying the sack from the position in which it was placed by the sorter, Henderson, onto the pier and then placing it up or the truck The plaintiff had so placed some twelve sacks when the sorter Henderson requested the plaintiff to examine a sack placed upon the truck to see whether or not the tag conformed to its location. Brooks stepped upon the truck, examined the tag, reported it "O.K." and stepped back, and fell to the floor striking the end of the pier as he went down.

The verdict was for the plaintiff.

It is the conclusion of the court, after an examination of all of the evidence that the verdict is not sustained by sufficient evidence.

As the case must be retried, we refrain from a detailed discussion of the evidence. It is sufficient to say that the account of the mishap given by the plaintiff is in direct opposition in many particulars to that of the eye-witness Henderson, and in conflict with previous accounts of the matter given by the plaintiff.

There is also very strong evidence that the plaintiff assumed the risk of injury from the situation, which is charged to have been negligently created by the defendant or its employees.

The judgment of the Common Pleas is, therefore, reversed, and the cause remanded for a new trial.

HAMILTON and MATTHEWS, JJ, concur.